# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:09-00122 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| KEVIN CLARDY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant's pro se motion to correct sentence (Docket Entry No. 50) to which the government responded (Docket Entry No. 52). A court "may not modify a term of imprisonment once it has been imposed" 18 U.S.C. 3582(c). Limited exceptions to this rule exist "within 14 days after sentencing, the court may correct a sentence that resulted from an arithmetical, technical, or other clear error," or when "extraordinary and compelling reasons warrant such a reduction." Fed. R. Crim. P. 35(a), 18 U.S.C. §(c)(1)(A)(I). Neither of these circumstances are present in this action.

The Court sentenced the Defendant on February 1, 2010 (Docket Entry No. 40), and filed the judgment in this action on February 10, 2010 (Docket Entry No. 42). Defendant filed his motion to correct sentence on October 5, 2012 (Docket Entry No. 50), well outside of the 14-day modification period under Fed. R. Crim. P. 35(a).

The Defendant alleges in his letter that "the 'way' your honor imposed it [the sentence] was not what I had originally agreed to 'plea out' to." (Docket Entry No. 50). Defendant's plea agreement states that "the sentence imposed by the Court shall include a term of imprisonment of 144 months on the custody of the Bureau of Prisons and five years supervised release" (Docket Entry No. 36, p.

16). The Defendant signed this plea agreement, and the Court accepted the Defendant's plea petition. Id. at 20, (Docket Entry No. 41). The judgment of the Court reflects the plea agreement terms of 144 months in the custody of the Bureau of Prisons and five years supervised release. (Docket Entry No. 42, p. 2-3). Thus, the Court finds no evidence in the record to support Defendant's claim that the sentence imposed does not accurately reflect the plea agreement Defendant signed. Additionally, the Court finds no "extraordinary and compelling reasons warrant such a reduction" in the record. 18 U.S.C. §(c)(1)(A)(I).

Accordingly, for the reasons stated, Defendant's motion to correct sentence (Docket Entry No. 50) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the _26_ day of October, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court